UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-78-TS |
| | ) | |
| MARVIN L. BENNETT | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant Marvin L. Bennett's Motion to Withdraw Guilty Plea [ECF No. 49]. For the forgoing reasons, the Defendant's Motion is denied.

## BACKGROUND

On July 20, 2015, the Defendant and the Government entered into the following Stipulation of Facts [ECF No. 54]:[1]

> (1) On November 20, 2013, Bennett was charged in a single count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) [ECF No. 1].
>
> (2) On March 11, 2014, aware that Bennett's criminal history would classify him as an Armed Career Criminal [pursuant to 18 U.S.C. § 924(e)], Bennett's counsel requested that government counsel tender a proposed plea agreement for the 15-year statutory minimum [term of imprisonment].
>
> (3) On March 14, 2014, government counsel tendered a proposed Plea Agreement to Bennett's counsel.
>
> (4) After reviewing the proposed Plea Agreement with Bennett, on March 28, 2014, Bennett's counsel filed a Motion to Suppress [ECF No. 18] challenging the search and seizure of evidence in the case.
>
> (5) On May 1, 2014, the Court held an evidentiary hearing [ECF No. 21] on Bennett's Motion to Suppress.

---

[1]The Court has made minor edits for clarity.

(6) On October 22, 2014, after an evidentiary hearing and briefing by the parties, the Court issued an Opinion and Order [ECF No. 28] denying Bennett's Motion to Suppress. The Court further set the case for a Telephonic Pretrial Conference on November 4, 2014[,] with a Jury Trial scheduled to begin on November 18, 2014. On the Court's own motion, due to a trial scheduling conflict, the Telephonic Pretrial Conference was reset to November 7, 2014 [ECF No. 29].

(7) On October 23, 2014, Bennett's counsel requested that government counsel tender a conditional plea that would allow Bennett to plead guilty, receive a benefit for acceptance of responsibility and preserve his Fourth Amendment issues.

(8) The Federal Rules of Criminal Procedure provide that a defendant may enter a conditional plea of guilty with the consent of the Court and the government, "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. Proc. 11(a)(2).

(9) On that same day, government counsel sought approval from her Supervisor for a proposed conditional plea agreement.

(10) On October 24, 2014, government counsel informed Bennett's counsel that a conditional plea agreement required the approval of the Appellate Chief, and advised Bennett's counsel that if she felt there was an appealable issue . . . her request for a conditional plea agreement would be forwarded to the Appellate Chief.

(11) A request for a conditional plea was submitted to the Appellate Chief by government counsel's Supervisor.

(12) On October 27, 2014, Bennett's counsel was advised by government counsel, that the request for a proposed conditional plea was denied by the Appellate Chief and that the offer that would be made was a proposed Plea Agreement with a recommendation for the [3-level sentencing reduction] for acceptance of responsibility; even if the Appellate Chief had authorized a proposed conditional plea, under the new procedure, the acceptance reduction would have only been for 2 levels. This new appellate approval procedure was disseminated throughout the Fort Wayne Office on August 24, 2012, by government counsel's Supervisor.

(13) On October 27, 2014, another proposed Plea Agreement was tendered to Bennett's counsel, which did not contain a conditional plea.

(14) On November 3, 2014, after meeting with Bennett, Bennett's counsel requested that government counsel tender a plea agreement which contained a binding 15-year sentence pursuant to Rule 11(c)(1)(C).

(15) On that same day, government counsel tendered a proposed binding 15-year Plea Agreement to Bennett's counsel.

(16) On November 4, 2014, Bennett and his counsel met and signed the Plea Agreement containing the binding 15-year sentence, which did not contain a conditional plea preserving Bennett's Fourth Amendment issues.

(17) On that same day, the Plea Agreement with the 15-year binding sentence was signed by all parties [and] was filed [ECF No. 30].

(18) On November 6, 2014, a Rule 11 Change of Plea Hearing was held [ECF No. 33] and Bennett entered his plea of guilty to the single count Indictment before [United States] Magistrate Judge Roger B. Cosbey consistent with the terms of the Plea Agreement.

(19) On that same date, in the Findings and Recommendation of the Magistrate Judge Upon a Plea of Guilty [ECF No. 34], Magistrate Judge Cosbey recommended that the Court accept Bennett's plea of guilty and that Bennett be adjudged guilty of the offense charged in the single count Indictment.

(20) On November 21, 2014, [the] Court entered an Order [ECF No. 35] [a]ccepting [the] Findings and Recommendation of the Magistrate Judge and adjudged Bennett guilty of the offense charged in the Indictment. On the same date, the Court issued a Sentencing Scheduling Order [ECF No. 36] and set Bennett's sentencing for March 4, 2015.

(21) On January 29, 2015, and February 9, 2015, two letters from Bennett to the Court, expressing desire to appeal his suppression issues and requesting new counsel, were docketed [ECF Nos. 38, 40].

(22) On February 10, 2015, on the Court's own motion, the sentencing was vacated and reset as an In Person Hearing on March 4, 2015 [ECF No. 41].

(23) On March 4, 2014, all parties appeared before the Court. The In Person Hearing was continued to March 17, 2015 [ECF No. 45].

(24) On March 16, 2015, government counsel's Supervisor informed Bennett's counsel that after consulting with the office's Appellate Attorney and the Criminal Chief, the government would not re-negotiate the plea on Bennett and that the office was not going to agree to a conditional plea in this case.

(25) On March 17, 2015, Bennett's counsel filed a Motion to Continue Status Hearing [ECF No. 46]. The Court granted [the Motion] and reset the In Person Hearing to March 24, 2015 [ECF No. 47].

(26) On March 24, 2015, a hearing was held and Bennett withdrew his letter requesting new counsel [ECF No. 48].

(27) On April 27, 2015, Bennett's counsel filed a Motion to Withdraw Guilty Plea. [ECF No. 49].

(28) On March 4, 2015, a conditional plea was approved by the Criminal Chief in *United States v. Cameron Patterson*, Cause No. 1:13-CR-65. On March 5, 2015, [a] conditional plea agreement was filed as docket entry number 86 in the Patterson case, preserving the right for defendant Patterson to challenge on appeal the Opinion and Order dated February 21, 2015, which denied his motion to suppress, and provided for a 3 level reduction for acceptance of responsibility. Government counsel's Supervisor and Criminal Chief advise that the 3 level reduction for the acceptance of responsibility in the Patterson case was given by mistake, but will be honored by the government.

On July 24, 2015—following receipt of the parties' Stipulation of Facts—the Court conducted a telephone conference with the parties and established a briefing schedule for the Motion to Withdraw Guilty Plea [ECF No. 49]. The Defendant filed a Brief in Support of the Motion to Withdraw Guilty Plea [ECF No. 63] on January 25, 2016, arguing that withdrawal is appropriate because the Government's denial of his request for a conditional guilty plea violated the Equal Protection Clause of the Fourteenth Amendment. In making this argument, the Defendant presents a "class-of-one" equal protection theory. The Government filed a Response [ECF No. 66] on March 31, 2016,[2] and this matter is now fully briefed and ripe for ruling.[3]

---

[2]The Defendant was granted up to and including April 15, 2016, to file a reply. The filing deadline has since passed.

[3]The Court notes that on April 29, 2016—two weeks after the briefing deadline on the Motion to Withdraw Guilty Plea had passed—the Defendant, who is represented by counsel, filed two pro se submissions [ECF Nos. 67–68]. The Court anticipates addressing these pro se submissions in a separate order.

# LEGAL STANDARD

Federal Rule of Criminal Procedure 11 governs a defendant's request to withdraw a plea of guilty. It allows a defendant to withdraw a plea of guilty after the court accepts the plea and before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Seventh Circuit has "frequently observed that a defendant does not have an absolute right to withdraw a plea before sentencing, although the court may allow him to do so if he has a fair and just reason for doing so." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008) (quotation marks, citations, and brackets omitted); *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). "Because the defendant's statements at a plea colloquy are presumed to be true, the defendant bears a heavy burden of persuasion in showing that such a fair and just reason exists." *Chavers*, 515 F.3d at 724 (citing *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001)). Requiring that the defendant have a "fair and just" reason to withdraw an accepted plea is consistent with the requirement that, before any plea is accepted, the defendant has sworn in open court that he actually committed the crimes, he has stated that he is pleading guilty because he is in fact guilty, he has stated that he is pleading guilty voluntarily, the court has advised him of his trial rights, the court has advised him of any maximum possible penalty, the court has explained the terms of any plea agreement provision waiving the right to appeal, and the court has found a factual basis for the plea. *See* Fed. R. Crim. P. 11(b) (setting forth requirements for considering and accepting a guilty plea).

> Given the great care with which pleas are taken under . . . Rule 11, there is no reason to view pleas so taken as merely tentative, subject to withdrawal before sentence whenever the government cannot establish prejudice. Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's

whim. In fact, however, a guilty plea is no such trifle, but a grave and solemn act, which is accepted only with care and discernment.

*United States v. Hyde*, 520 U.S. 670, 676–77 (1997) (quotation marks and brackets omitted) (citing Advisory Committee explanation for adding "fair and just" language to Rule 32(e) (now Rule 11(d)).

Because a defendant has neither a right to enter into a plea agreement, *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000), nor a right to enter a conditional plea, *United States v. Fisher*, 772 F.2d 371, 374 (7th Cir. 1985),[4] the Government's refusal to offer a requested term in a plea agreement cannot—standing alone—serve as a "fair and just reason" for relief.

## ANALYSIS

At the outset, the Court notes that a "fair and just reason" for the withdrawal of a guilty plea is that the plea was involuntarily. *United States v. Nash*, 29 F.3d 1195, 1198 (7th Cir. 1994); *see also United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995) ("A guilty plea is voluntary when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea.") (quotation marks and citation omitted). However,

---

[4]*See Fisher*, 772 F.2d at 374:

The Federal Rules, by their terms, create no enforceable "right" to enter a conditional plea. [Federal Rule of Criminal Procedure] 11(a)(2) explicitly grants both the court and government veto power over entry of such a plea, and its legislative history indicates that it was adopted primarily for the benefit of courts and prosecutors, not defendants. *See* Notes of Advisory Committee on Rules of Criminal Procedure with respect to 1983 Amendment adding Rule 11(a)(2). By definition, the rule's permissive nature means that defendants have no "right" to exercise its special form of pleading. *Cf. United States v. Fels*, 599 F.2d 142, 148 n. 4 (7th Cir. 1979) (Rule 11(b), which allows a defendant to plead *nolo contendere*, but only with consent of court, also does not create a "right" to enter a *nolo contendere* plea). Neither does the Constitution grant such a right.

6

in his Motion to Withdraw Guilty Plea, the Defendant does not point to any deficiency in the Court's Change of Plea Hearing on November 6, 2014. That is, he does not allege that the Court failed to follow Rule 11 of the Federal Rules of Criminal. Nor does he submit that any of his comments during the hearing suggested that his plea was anything other than knowing and voluntary.

A review of the Defendant's Change of Plea Hearing indicates the same. Prior to accepting the Defendant's plea, the Court took the Defendant's oath and made a detailed inquiry into his competence to plead, the voluntariness of his plea, and his understanding regarding specific terms of the Plea Agreement. The Court found that the Defendant was fully competent and capable of entering an informed plea, that the Defendant was aware of the charges and the consequences of the plea, and that the plea of guilty was knowing and voluntary, and supported by an independent basis in fact containing each of the essential elements of the offense. The Court specifically inquired regarding the Defendant's waiver of his right to appeal his conviction and sentence, and any restitution order imposed or the manner in which his conviction, sentence, or restitution order was determined or imposed. During the hearing colloquy, the Defendant affirmed his understanding of all terms contained within the Plea Agreement.

Moreover, the Defendant does not claim innocence, *see United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010) (recognizing actual and legal innocence as legitimate bases for the withdrawal of a guilty plea), nor does he claim that the Government breached the Plea Agreement, *see United States v. Schilling*, 142 F.3d 388, 398 (7th Cir. 1998). The Defendant's sole contention is that the Government, by denying his request for a conditional guilty plea, denied him equal protection, thereby creating a "fair and just reason" for the withdrawal of his

7

guilty plea.[5]

A.     **Equal Protection**

The Equal Protection Clause reaches "state action that treats a person poorly because of the person's race or other suspect classification, such as sex, national origin, religion, political affiliation, among others, or because the person has exercised a 'fundamental right,' or because the person is a member of a group that is the target of irrational government discrimination." *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010) (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008), *Plyler v. Doe*, 457 U.S. 202, 216–17 (1982), and *Srail v. Vill. of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009)). In the absence of a deprivation of a fundamental right or the existence of a suspect class, the proper standard is rational basis, which requires plaintiffs to show that (1) the state actor intentionally treated the plaintiffs differently from others similarly situated, (2) this different treatment was caused by the plaintiffs' membership in a class to which they belong, and (3) this different treatment was not rationally related to a legitimate state interest. *Srail*, 588 F.3d at 943. The Supreme Court has also recognized the prospect of a so-called "class-of-one" equal protection claim, whereby a litigant need not allege discrimination based on a suspect classification (i.e., the second factor), but must show that he or she was singled out arbitrarily, without rational basis, for unfair treatment. *Abcarian*, 617 F.3d at 938 (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000).

---

[5]Although the Defendant references an alleged violation of "due process" (Def.'s Br. 1), he only articulates a claim for equal protection. The Court will therefore construe the Defendant's challenge as one based solely on equal protection grounds.

**1.**  *Similarly Situated*

First, to establish a constitutional deprivation based on the class-of-one equal protection theory—which the Defendant attempts to do here—the Defendant must show that the Government treated him differently from others similarly situated. "To be considered 'similarly situated,' the class-of-one challenger and his comparators must be 'prima facie identical in all relevant respects or directly comparable . . . in all material respects.'" *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (quoting *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005)). Although this is not a "precise formula," similarly situated individuals "must be very similar indeed." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004).

In his brief, the Defendant relies on a comparison with 12 federal defendants in the Northern District of Indiana, all of whom (1) filed a motion to suppress raising challenges under the Fourth or Fifth Amendment; and (2) entered into a conditional plea agreement with the Government following the trial court's denial of the motion to suppress.[6] The Defendant contends that "a docket review of each" of the cases shows that he is "legally and factually similarly situated to those comparators." (Def.'s Br. 7.)

Although the Defendants points to general commonalities between himself and the 12 federal defendants—namely, prosecution in the Northern District of Indiana and the filing of a

---

[6]The Defendant cites the following cases: *United States v. Schlatter* (1:09-cr-91); *United States v. McBride* (1:09-cr-21); *United States v. White* (1:03-cr-26); *United States v. Billian* (1:08-cr-31); *United States v. Patterson* (1:13-cr-65); *United States v. Scott* (1:09-cr-98); *United States v. Sabo* (1:10-cr-21); *United States v. Bullock* (1:09-cr-10); *United States v. Jackson* (1:08-cr-38); *United States v. Fields* (1:08-cr-11); *United States v. Govan* (1:08-cr-12); *United States v. Hayden* (1:07-cr-68). Although the Defendant also cites *United States v. Dedeaux* (1:12-cr-40), a review of the public record shows that this case did not involve a conditional plea agreement.

motion to suppress that was later denied by the trial court—the Defendant has failed to show that his comparators are "prima facie identical in *all* relevant respects or directly comparable . . . in *all* material respects." *Moore*, 543 F.3d at 896 (emphasis added). Notably, 11 out of the 12 federal defendants entered into a conditional plea agreement *prior to* the Government's implementation of a new appellate approval procedure in August 2012. This new procedure, as described in the parties' Stipulation of Facts, requires all conditional plea agreements to be approved by the Appellate Chief in the U.S. Attorney's Office for the Northern District of Indiana. Thus, with the exception of one case, the Defendant's comparators were subject to a separate decision-making procedure, and presumably, different decision-makers. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir. 2000) (observing that when "'different decision-makers are involved, two decisions are rarely similarly situated in all relevant respects'" (quoting *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 910 (8th Cir. 1999)); *see also id.* (finding that, in the employment context, "[d]ifferent employment decisions, concerning different employees, made by different supervisors, are seldom sufficiently comparable to establish a prima facie case of discrimination for the simple reason that different supervisors may exercise their discretion differently."); *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002) (finding that class-of-one plaintiffs were not similarly situated to comparators, in part, because their zoning-related requests were acted upon by different decision-makers).

Moreover, the Government's negotiation of terms within a plea agreement falls squarely within the realm of prosecutorial discretion, *see United States v. Sakellarian*, 649 F.3d 634, 640 (7th Cir. 2011), and as such, typically involves a host of relevant (and often individualized)

considerations. Absent a more detailed comparison, the Court lacks a sufficient basis to determine whether the Defendant and his comparators are "directly comparable . . . in all material respects." *Moore*, 543 F.3d at 896 (noting that "the class-of-one theory is better suited to those contexts involving 'a clear standard against which departures, even for a single [individual], could be readily assessed.'") (citing *Engquist*, 553 U.S. at 602). Thus, based on the record before the Court, the Defendant has not satisfied the first prong of the class-of-one analysis.

**2.     *Rational Basis***

But even assuming the existence of differential treatment, the Defendant confronts a more intractable hurdle at the second prong of the class-of-one analysis. Under the rational basis test, "the varying treatment of different groups or persons [must be] so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000) (quotation marks and citation omitted). However, under a line of cases in the Seventh Circuit, a class-of-one equal protection claim "based solely upon purported irrationality, rather than illegitimate animus," is automatically foreclosed. *Moore*, 543 F.3d at 898 (citing *Racine*, 424 F.3d at 684 (collecting Seventh Circuit cases requiring proof of illegitimate animus for a successful class-of-one challenge)). This line of cases "reflects, at least in part, a concern that allowing a remedy under the equal protection clause for merely 'irrational and wholly arbitrary adverse treatment by government,' without proof of something more (such as illegitimate animus), would open '[b]reathtaking vistas of liability'." *Id.* (quoting *Tuffendsam v. Dearborn*

11

*Cnty. Bd. of Health*, 385 F.3d 1124, 1127 (7th Cir. 2004)). On the other hand, a second line of cases permits a class-of-one equal protection claim "upon proof that the differential treatment was *either* simply irrational *or* motivated by illegitimate animus." *Id.* (citing *Racine*, 424 F.3d at 684 (collecting Seventh Circuit cases holding "that a class of one equal protection claim is established where the defendant has intentionally treated the plaintiff differently than others similarly situated either without any rational basis for doing so or out of some totally illegitimate animus.")).

Under the first line of cases, the Defendant's class-of-one claim is automatically foreclosed because he does not assert that the Government's refusal to grant him a conditional plea was motivated by ill will or animus. *See* Def.'s Br. 8 ("[The Defendant] does not argue that the [G]overnment's decision to deny his request for a conditional plea was motivated by ill will or animus.") Nevertheless, even if the second line of cases applies, the Seventh Circuit has determined that "a class-of-one equal protection challenge, at least where premised solely on arbitrariness/irrationality" cannot be successful "merely on the ground that [the exercise of prosecutorial discretion] is irrational or arbitrary," but only upon a showing of "invidious discrimination." *Moore*, 543 F.3d at 900–01 (noting that class-of-one equal protection challenges are "a 'poor fit' in the prosecutorial discretion context.") (quoting *Engquist*, 553 U.S. at 605); *United States v. Smith*, 953 F.2d 1060, 1063 (7th Cir. 1992) ("Arbitrariness—that is, unjustified disparities in the treatment of similarly situated persons—is not among the grounds on which to contest an exercise of prosecutorial discretion."); *see also Sakellarian*, 649 F.3d at 640 ("Judicial review of decisions involving plea agreements is quite limited because of the government's significant discretion over matters constitutionally assigned to the executive branch." (citing

*Wayte v. United States*, 470 U.S. 598, 607 (1985) ("[T]he Government retains 'broad discretion' as to whom to prosecute." (quoting *United States v. Goodwin*, 457 U.S. 368, 380 n. 11 (1982))). Thus, by challenging the Government's exercise of prosecutorial discretion—i.e., its decision to deny the Defendant's request for a conditional guilty plea—solely on the grounds of arbitrariness/irrationality, the Defendant cannot establish an unconstitutional motive based on a class-of-one theory.

Again, the Court reiterates that the Defendant's statements at his November 6, 2014, Change of Plea Hearing—which offer no indication or suggestion that they were made unknowingly or involuntarily—are presumed to be true, and therefore, the Defendant "bears a heavy burden of persuasion in showing that . . . a fair and just reason exists" to justify the withdrawal of his guilty plea. *Chavers*, 515 F.3d at 724. Because the Defendant, through his Motion to Withdraw Guilty Plea and briefing in support, has not shown a constitutional deprivation based on equal protection grounds, or presented any other fair and just reason for the withdrawal of his guilty plea, his Motion is denied.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Withdraw Guilty Plea [ECF No. 49] is DENIED. As noted above, the Court anticipates addressing the Defendant's pro se submissions [ECF Nos. 67–68] in a separate order.

SO ORDERED on May 10, 2016.

                                     s/ Theresa L. Springmann
                                     THERESA L. SPRINGMANN
                                     UNITED STATES DISTRICT COURT