# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-78-TLS |
| | ) | |
| MARVIN L. BENNETT, | ) | |

## OPINION AND ORDER

The Defendant, Marvin Bennett, pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The probation officer drafted a Presentence Investigation Report (PSR) in preparation for sentencing. This Opinion and Order resolves the Defendant's objection to the PSR.

## BACKGROUND

On November 20, 2013, the Government filed a one-count Indictment [ECF No. 1], charging the Defendant with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The one-count Indictment alleges that the Defendant possessed a firearm on or about October 21, 2013. The Government also charged the Defendant under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides, in relevant part: "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years." The Indictment included the following predicate offenses for an enhanced punishment under § 924(e):

> On or about October 7, 2011, the [D]efendant was convicted in the Superior Court of Allen County, Fort Wayne, Indiana, in Cause No. 02D05-1107-FD-931, of Resisting Law Enforcement, a Class D Felony; and

> On or about August 11, 2008, the [D]efendant was convicted in the Superior Court of Allen County, Fort Wayne, Indiana, in Cause No. 02D04-0806-FD-483, of Strangulation, a Class D Felony; and
>
> On or about June 5, 1995, the [D]efendant was convicted in the Superior Court of Allen County, Fort Wayne, Indiana, in Cause No. 02D04-9412-CF-959, of Attempt Robbery, a Class C Felony.

(Indictment 1, ECF No. 1.) On November 21, 2014, the Defendant entered a plea agreement as to the one-count Indictment. [ECF No. 34.]

The PSR set the Defendant's offense level at 33 because of an enhancement under the ACCA for having at least three prior convictions for a violent felony or serious drug offense, or both. The Defendant objected to the enhancement. Citing to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Defendant argued that he lacked the requisite number of violent felonies as defined under the ACCA to receive an enhancement. The Government argued that *Johnson* did not invalidate the Defendant's convictions for ACCA enhancement purposes. Neither party asserted that an evidentiary hearing was required for the Court to rule on the Defendant's Objection.

## ANALYSIS

Under the ACCA, a "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that—"

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(emphasis added). The italicized portion of the statute, known as the residual clause, was held unconstitutional. *Johnson*, 135 S. Ct. at 2557–58, 2563. Therefore, if a

2

defendant is sentenced under the ACCA, his previous convictions must qualify under the "force clause," § 924(e)(2)(B)(i), or the four enumerated offenses, *id.* § 924(e)(2)(B)(ii); *Johnson*, 135 S. Ct. at 2563. As resisting lawful arrest is not enumerated in the ACCA, the Government's only argument is that resisting lawful arrest under section 35-44-3-3 satisfies the force clause. Accordingly, the Court's analysis is limited to § 924(e)(2)(B)(i).

The Supreme Court has outlined two permissible ways for a federal sentencing court to determine if a prior conviction counts as a violent felony under the ACCA: the "categorical approach" and the "modified categorical approach." *See Mathis v. United States*, 136 S. Ct. 2243, 2251–54 (2016); *Descamps v. United States*, 133 S. Ct. 2276, 2283–85 (2013).

The categorical approach is the primary method for considering whether a previous conviction qualifies as an ACCA predicate offense. The sentencing court "looks at the elements of the statute of conviction to determine if it has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Ker Yang*, 799 F.3d 750, 752 (7th Cir. 2015). This inquiry considers whether the statute is "indivisible" such that it sets out the required elements of the offense, not the means by which one may violate the statute. *Id.* The court may only use two tools for this task—the statute's text and the judgment. *Id.* If the statute sets out elements, then the sentencing court must decide, based on those alone, if the statute describes a violent felony for purposes of the ACCA. *Id.* The sentencing court is not permitted to look to outside materials in making this determination. *Id.*

By contrast, a statute will sometimes be "divisible" and list alternative methods of committing one offense (elements *in the alternative*). *Mathis*, 136 S. Ct. at 2256; *Ker Yang*, 799 F.3d at 753 (emphasis added). Some of the alternative methods may qualify as a violent felony under the ACCA, but some may not. If not all the statute's alternatives would qualify and the

3

judgment merely identifies the statute of conviction, then the sentencing court uses the modified categorical approach. *Ker Yang*, 799 F.3d at 753. Under the modified categorical approach, the sentencing court is permitted to look to outside documents,[1] such as "charging documents, plea agreements, jury instructions, plea and sentencing transcripts, and findings of fact and conclusions of law from a bench trial," *id.*, for the limited purpose of determining which alternative served as the basis of the defendant's conviction.[2] In considering this, the court is only deciding whether the actual statute of conviction qualified as a violent felony for ACCA purposes. *Id.* Once more, the sentencing court is prohibited from looking beyond the crime's elements to determine the facts underlying the defendant's conviction. *Id.*

In this case, the parties dispute whether Indiana's resisting law enforcement statute is divisible or indivisible and what approach this Court should apply. The Defendant argues that the statute is indivisible and thus the categorical approach applies. The Government argues that the statute is divisible and thus the modified categorical approach applies. The Court agrees with the Government.

Under Indiana law, a person commits resisting law enforcement when she knowingly or intentionally:

> (1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties;
>
> (2) forcibly resists, obstructs, or interferes with the authorized service or execution of a civil or criminal process or order of a court; or

---

[1] These are referred to as "*Shepard* documents" after *Shepard v. United States*, 544 U.S. 13 (2005).

[2] If the underlying judgment is so ambiguous that the court cannot even identify what the statute of conviction was, then the sentencing court may employ the modified categorical approach and use *Shepard* documents to determine that statute. *Ker Yang*, 799 F.3d at 755.

4

> (3) flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop;

Ind. Code § 35-44-3-3(a).[3] Under subsection (b), the crime of resisting law enforcement is elevated to a Class D felony[4] if:

> (A) the offense is described in subsection (a)(3) and the person uses a vehicle to commit the offense;[5] or
>
> (B) while committing any offense described in subsection (a), the person draws or uses a deadly weapon, inflicts bodily injury on or otherwise causes bodily injury to another person, or operates a vehicle in a manner that creates a substantial risk of bodily harm to another person.

*Id.* § 35-44-3-3(b)(1). Section 35-44-3-3 is a divisible statute. Subsections (a)(1), (a)(2), and (a)(3) set out elements in the alternative that constitute misdemeanor resisting law enforcement. One either "resists, obstructs, or interferes" with law enforcement or a process server, or she "flees" from law enforcement after an officer puts on his sirens or emergency lights. Then, subsection (b) elevates the crime to a "Class D felony" if a further element is present—use of a deadly weapon, bodily injury, or operation of a vehicle that puts others at substantial risk of bodily harm. This is not a list like in *Mathis*, where the Supreme Court considered a burglary statute that "spell[ed] out various factual ways of committing some component of the offense."

---

[3] The relevant statutory provision was recodified as § 35-44.1-3-1, effective July 1, 2012. The Court cites to the statutory provision in effect on the date of the alleged offense.

[4] Effective July 1, 2014, Indiana's resisting law enforcement statute was amended, in relevant part, to designate the offense a "Level 6 felony," rather than a "Class D felony." Act of May 6, 2013, Pub. L. 158-2013, § 509, 2013 Ind. Acts 1486, 1486–88. Otherwise, the relevant portion of the Indiana resisting law enforcement statute is unchanged from when the Defendant was convicted. *See* Act of Mar. 6, 1998, Pub. L. 13-1998, § 1, 1998 Ind. Acts 677–78; Act of Feb. 25 1976, Pub. L. No. 148, art. 44, ch. 3, sec. 3, 1976 Ind. Acts 718, 748.

[5] "Resisting law enforcement through felonious vehicle flight does not meet the requirements of clause (i) [of the ACCA], and it is not among the specific offenses named in clause (ii) [of the ACCA]." *Sykes v. United States*, 564 U.S. 1, 8 (2011), *abrogated on other grounds by Johnson*, 135 S. Ct. at 2557–58. The United States Supreme Court went on to hold that "Indiana's prohibition on flight from an officer by driving a vehicle . . . falls within the residual clause," *Sykes*, 564 U.S. at 8, a clause that was later held unconstitutional, *Johnson*, 135 S. Ct. at 2557–58, 2563. Neither party argues, and the Court agrees, that section (b)(1)(A) is not at issue here.

136 S. Ct. at 2249–50 (noting that statute "itemize[d] the various places that [burglary] could occur," which was "any building, structure, [or] land, water, or air vehicle").

By contrast, subsection (b)(1)(B) is not an illustrative list of some ways to commit the offense but, rather, three highly dissimilar elements, one of which must be proven for a felony conviction. State decisions show that the prosecution must select from among these elements and specifically charge that element in the indictment. *See, e.g.*, *Duncan v. State*, 23 N.E.3d 805, 818 (Ind. Ct. App. 2014) ("[Charging information for resisting law enforcement alleged that [defendant] fled . . . and while doing so, 'drew or used a deadly weapon.'"); *Deshazier v. State*, 877 N.E.2d 200, 210 (Ind. Ct. App. 2007) ("[C]harging information for felony resisting states that [defendant] resisted Officer . . . , and inflicted bodily injury in the course of said resistance."); *Davis v. State*, 835 N.E.2d 1102, 1109–10 (Ind. Ct. App. 2005). Additionally, state law shows that the jury must be instructed as to the specific element of subsection (b)(1)(B) and must agree that the defendant committed that particular type of felony resisting law enforcement. *See, e.g.*, *Duncan*, 23 N.E.3d at 818; *Deshazier*, 877 N.E.2d at 210; *Brown v. State*, 830 N.E.2d 956, 966 (Ind. Ct. App. 2005) (vacating two of three convictions because the evidence only supported a conviction for one specific type of felony resisting law enforcement).

Because the Court finds that Indiana's resisting law enforcement statute is divisible, the Court employs the modified categorical approach to determine which alternative under section 35-44-3-3(b) was the basis for the Defendant's conviction in this case. The Court is permitted to consider *Shepard* documents for the limited purpose of determining whether that specific alternative "has as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), and thus qualifies as a violent felony. Prohibited from this inquiry is any consideration of the facts leading to the Defendant's actual conviction. *Ker*

6

*Yang*, 799 F.3d at 753.⁶ The Supreme Court instructs that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010).

Here, the Information for the offense in question shows that the Defendant was charged with felony resisting law enforcement for "inflict[ing] bodily injury on or otherwise caus[ing] bodily injury to another person." (PSR ¶ 55.)⁷ This specific element under subsection (b)(1)(B) clearly satisfies the force clause because it involves "the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i); *Walker v. State*, 998 N.E.2d 724, 726–27 (Ind. 2013) (noting that the statute requires "strong, powerful, violent means to impede an officer" even for just the misdemeanor offense); *cf. United States v. Stork*, No. 3:15-CV-389, 2015 WL 8056023, at *5 (N.D. Ind. Dec. 4, 2015) (noting that the very act of resisting law enforcement "ordinarily involves conduct that presents a serious potential risk of physical injury to another" sufficient to satisfy the force clause). Accordingly, the Defendant's prior conviction qualifies as a violent felony and an ACCA predicate offense. It was proper for the probation officer to consider it in the PSR.⁸

---

⁶ Both parties dispute whether the Seventh Circuit's decision in *Ker Yang* permits a sentencing court to look to "a limited set of outside sources" when the modified categorical approach does not apply. (Gov't Br. 7–8; Def.'s Reply 4–5.) In *Ker Yang*, the sentencing court could not identify the statute of conviction because all that was before it was a handwritten judgment that ambiguously said "felony domestic." *Ker Yang*, 799 F.3d at 754–55. Any need to apply *Ker Yang* here is unnecessary given this Court's determination that the modified categorical approach applies to this case.

⁷ This Court treats references to the *Shepard* documents in the PSR as factually accurate because neither party disputed the accuracy of such references.

⁸ If the felony resisting law enforcement statute was indivisible, the Court would still reach the same conclusion via the categorical approach. Section 35-44-3-3 prohibits two types of felony resisting law enforcement. Subsection (b)(1)(A) enhances the crime from misdemeanor to felony for a specific violation of subsection (a)(3)—fleeing law enforcement *via vehicle*. Subsection (b)(1)(B) enhances the crime from misdemeanor to felony for any violation of subsection (a) if violence is employed. Use of a deadly weapon and infliction of bodily injury are clearly violent, but it is less apparent that operation of a vehicle in a reckless manner also qualifies. Interpreting the statute as a whole clarifies such a finding.

## CONCLUSION

For the reasons stated above, the Defendant's objection to the PSR is OVERRULED.

Sentencing is CONFIRMED for October 18, 2016 at 1:30 PM.

      SO ORDERED on September 30, 2016.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT

---

*TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotation marks omitted) ("We are reluctant to treat statutory terms as surplusage.").

    Both subsections (b)(1)(A) and the third clause of (b)(1)(B) apparently prohibit the same conduct—use of a vehicle to resist law enforcement. However, when read to avoid surplusage, a distinction arises between "simple vehicular flight" and "aggravated flight." *See Light v. Caraway*, 761 F.3d 809, 816 (7th Cir. 2014) (citing *Sykes*, 64 U.S. at 13–15). *Sykes* expressly found that "[subsection (b)(1)(A)] does not meet the requirements of clause (i)" of the ACCA, *Sykes*, 564 U.S. at 8. The legislative history referenced in *Sykes* suggests that aggravated flight qualifies under the force clause: "By adding subsection (b)(1)(A) in 1998, the Indiana Legislature determined that subsection (b)(1)(A) by itself sufficed as a basis for the punishments available under subsection (b)(1)(B)." *Id.* at 14. This means that the Legislature added subsection (b)(1)(A) to cover vehicle flight that was non-violent, which would be the majority of felony cases. *Id.* It reserved subsection (b)(1)(B) as the provision governing aggravated forms of resisting law enforcement, including when a vehicle was used to put others at substantial risk of bodily harm. Thus, the categorical approach leads to the conclusion that all three options under subsection (b)(1)(B) involve violence and qualify as predicate offenses under the ACCA.